IN THE UNITED STATES DISTRICT COURT
FOR THE FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RENE GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:24-cv-11688 |
| | ) |
| SET FORTH, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANTS' OPPOSED JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO RELATE ACTIONS AND REASSIGN CASE**

Defendant Set Forth, Inc. ("Forth") and Defendant Centrex Software, Inc. ("Centrex"), in applicable cases, (collectively the "Defendants"), by and through undersigned counsel, respectfully move the Court to stay the proceedings in this matter—including all Rule 12, Rule 26, discovery, and briefing deadlines—pending the Court's resolution of the Motion to Reassign Related Actions filed at Dkt. No. 5 ("Motion to Reassign"). As of today, 29 putative class action lawsuits have been filed against Forth in this district (Centrex is a defendant in six of the putative class actions) (the "Related Actions")[1]. Defendants do not oppose the Motion to Reassign.

---

[1] The Related Actions are: *Baca v. Set Forth, Inc.* (1:24-cv-12497); *Cruz v. Set Forth, Inc.* (1:24-cv-12323); *Ossler, et al., v. Set Forth, Inc., et al.* (1:24-cv-12244); *McCluskey v. Set Forth, Inc.* (1:24-cv-12203); *Bellefeuille, Jr. v. Set Forth, Inc.* (1:24-cv-12188); *Newbery, et al. v. Set Forth, Inc., et al.* (1:24-cv-12107); *Cheek v. Set Forth, Inc.* (1:24-cv-12028); *Halkias, et al. v. Set Forth, Inc.* (1:24-cv-11993); *Meza v. Set Forth, Inc.* (1:24-cv-11987); *Salas v. Set Forth, Inc.* (1:24-cv-11974); *Gravely v. Set Forth, Inc.* (1:24-cv-11957); *Martin v. Set Forth, Inc.* (1:24-cv-11950); *Mason v. Set Forth, Inc.* (1:24-cv-11943); *Dekenipp v. Set Forth, Inc.* (1:24-cv-11922); *Waudby v. Set Forth, Inc.* (1:24-cv-11886); *Parrish v. Set Forth, Inc.* (1:24-cv-11867); *Adam v. Set Forth, Inc.* (1:24-cv-11866); *Minor v. Set Forth, Inc.* (1:24-cv-11861); *Burgess v. Set Forth, Inc.* (1:24-cv-11857); *Girven v. Set Forth, Inc.* (1:24-cv-11840); *Garrett v. Set Forth, Inc.* (1:24-cv-11744);

Defendants respectfully submit that a stay of proceedings pending resolution of the Motion to Reassign will conserve judicial resources and help facilitate the efficient progress and resolution of the cases until a determination on the Motion to Reassign. Counsel for Defendants have conferred with counsel for Plaintiff, who has not consented to the motion to stay. Plaintiff did not respond to Defendants' proposed briefing schedule of 28 days to respond and 14 days for a reply, if any. In support of this motion, Defendants state as follows:

1. The Related Actions were filed in this district between November 13, 2024, and December 5, 2024. Each of the plaintiffs in the Related Actions are represented by different counsel. This is the first-filed case.

2. On November 26, 2024, counsel for the related plaintiffs jointly filed the Motion to Reassign, requesting the Court reassign all of the Related Actions to Judge Pacold. *See* Dkt. No. 5. Defendants do not oppose reassignment.

3. Defendants move to stay the proceedings in this case to conserve the resources of the parties (absent a stay, the Defendants may be required to file responsive pleadings in cases that will likely be consolidated), judicial resources and facilitate the efficient progress of this litigation pending resolution of the Motion to Reassign and a motion to consolidate before any case proceeds.

---

*Blue v. Set Forth, Inc.* (1:24-cv-11792); *Anderson v. Set Forth, Inc., et al.* (1:24-cv-11788); *Allen v. Set Forth, Inc., et al.* (1:24-cv-11781); *Moses v. Set Forth, Inc., et al.* (1:24-cv-11808); *Hopkins v. Set Forth, Inc.* (1:24-cv-11739); *Carroll v. Set Forth, Inc.* (1:24-cv-11726); *Bradley v. Set Forth, Inc., et al.* (1:24-cv-11691); and *Garcia v. Set Forth, Inc.* (1:24-cv-11688).

Centrex is a defendant in 6 of these cases: *Ossler, et al. v. Set Forth, Inc., et al.* (1:24-cv-12244); *Newbery, et al. v. Set Forth, Inc., et al.* (1:24-cv-12107); *Allen v. Set Forth, Inc., et al.* (1:24-cv-11781); *Moses v. Set Forth, Inc., et al.* (1:24-cv-11808); *Anderson v. Set Forth, Inc., et al.* (1:24-cv-11788); and *Bradley v. Set Forth, Inc., et al.* (1:24-cv-11691).

2

4. The Court has the inherent authority to administer its docket so as to conserve judicial resources and, therefore, may stay this case pending its decision on the Motion to Reassign. *See Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (affirming a district court's dismissal of a claim because "[a] district court has 'an ample degree of discretion' to manage its docket in light of another federal proceeding involving the same parties and issues to avoid duplicative litigation."); *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (granting motion to stay proceedings pending decision on consolidation as it would "conserve judicial resources by avoiding duplicative litigation"). When deciding whether to stay a case, a court should consider: "(1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul*, 2009 WL 2244766, at *1.

5. All three elements are satisfied here. First, judicial economy favors a stay of these proceedings until the Motion to Reassign is resolved. Briefly staying this case will conserve the Court's time and effort and will avoid potentially duplicative proceedings and potentially inconsistent rulings. For instance, when faced with the possibility that substantially similar cases would be litigated before different judges—the same situation presented here—the court in *La Casa Del Pueblo, Inc. v. Local 703, Int'l Bhd. of Teamsters* opted to stay the case and await a resolution as to whether to reassign the action. 706 F. Supp. 33, 35 (N.D. Ill. 1989). It observed that the potential that "any order rendered by this court will necessarily impair that court's ability to take a fresh look at the case" favored staying the case for the brief period of time necessary to resolve the motion. *Id.*; *see also Bd. of Trs. of Teachers' Ret. Sys. of the State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905–06 (N.D. Ill. 2002) (granting a motion to stay due to the threat of inconsistent rulings and interests of judicial economy). A stay in these proceedings will not result

3

in undue delay because Defendants moved expeditiously in filing this motion to stay in response to the Motion to Reassign. In addition, the stay will be relatively short and is tied to a tangible and predictable event—the resolution of the Motion to Reassign. Where a limited stay such as this is requested, it is "the most appropriate option pending a final decision on" the Motion to Reassign. *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-cv-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999).

6. The second factor articulated in *Paul* also favors a stay. There is no prejudice to Plaintiff or the Related Actions—who have asked for their cases to be reassigned to Judge Pacold—in granting a stay. Further, the Related Actions (including this matter) were filed within days of each other and are in their infancy with no substantive events. Specifically, all complaints in the Related Actions have not been served and there have been no responsive pleadings filed. Resolution of the Motion to Reassign will likely occur soon, and there is no prejudice to Plaintiff in the interim.

7. Finally, the third factor articulated in *Paul* favors a stay, because absent a stay, all parties in each of the Related Actions may be prejudiced by inconsistent schedules or duplicative discovery and motion practice. *See La Casa Del Pueblo*, 706 F. Supp. at 35 (granting motion to stay pending resolution of a motion to consolidate).

For the foregoing reasons, Defendants respectfully request that the Court stay these proceedings pending decision on the Motion to Reassign.

Dated: December 17, 2024                                   Respectfully submitted,

*/s/ Seth M. Erickson*
Seth M. Erickson
**TROUTMAN PEPPER HAMILTON SANDERS LLP**

4

227 West Monroe Street, Suite 3900
Chicago, IL 60606
Telephone: (312) 759-5930
Email: seth.erickson@troutman.com

*Counsel for Defendant Set Forth, Inc.*

*/s/ Joseph W. Guzzeta*
Joseph W. Guzzetta (*pro hac vice forthcoming*)
**SEVERSON & WERSON, P.C.**
19100 Von Karman Ave., Suite 700
San Francisco, California 94105
Telephone: (415) 398-3344
Email: jwg@severson.com

Adam A. Hutchinson (*pro hac vice forthcoming*)
**SEVERSON & WERSON, P.C.**
19100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Email: aah@severson.com

*Counsel for Defendant Centrex Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2024 a true and exact copy of the foregoing *Joint Motion to Stay Proceedings Pending Resolution of Motion to Relate Actions and Reassign Case* was filed with the Court using the CM/ECF system, which will automatically notify and serve all counsel of record.

*/s/ Seth M. Erickson*
Seth M. Erickson

*Counsel for Defendant Set Forth, Inc.*
