**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RENE GARCIA, *et al*., individually and on behalf of all others similarly situated, | Case No. 1:24-CV-11688 |
| Plaintiff, | |
| v. | |
| SET FORTH INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF MINOR'S APPLICATION FOR APPOINTMENT OF KATRINA**
**CARROLL AND BEENA MCDONALD AS CO-LEAD COUNSEL**

The Court will undoubtedly receive multiple applications for leadership in this consolidated data breach matter of highly skilled and well-qualified counsel. Of those applications, however, none will have the efficiency of a two co-lead structure run by experienced female attorneys, one of whom has litigated data breach matters for over a decade and pioneered the law in the Seventh Circuit for Article III standing, paving the way for plaintiffs to proceed with their claims in this forum. Plaintiff Erin Minor proposes that Katrina Carroll of Lynch Carpenter LLP and Beena McDonald of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Proposed Co-Lead Counsel") be appointed as Co-Lead Counsel to represent all Plaintiffs in this case.

Proposed Co-Lead Counsel have significant nationwide data breach class action experience, knowledge of the applicable law, and substantial resources to zealously represent the proposed class. Ms. Carroll, for example, served as Court-appointed Co-Lead counsel in *Lewert v. PF Chang's China Bistro, Inc*., No. 1:14-cv-04787 (N.D. Ill.), one of the first data breach cases on record, ultimately obtaining a landmark ruling in the Seventh Circuit on Article III standing,

hailed by Law360 as one of the "top privacy cases" of 2016. Ms. Carroll's work in *PF Chang's* was instrumental in developing the relevant legal precepts that will govern this litigation, and the Seventh Circuit's decision has been cited nearly 1,000 times. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965 (7th Cir. 2016).

In *In re TikTok, Inc., Consumer Privacy Litig.*, No. 20-cv-4699 (MDL No. 2948) (N.D. Ill.), a complex privacy MDL, Judge Lee appointed Ms. Carroll as Co-lead Counsel to pursue claims against the ubiquitous social media platform resulting in one of the largest privacy settlements on record. Ms. Carroll oversaw the complicated settlement approval process involving multiple objectors and opt-out plaintiffs and presented all of the related oral arguments to the court.

Ms. Carroll's firm, Lynch Carpenter LLP and its partners have led dozens of data breach class actions, including some of the largest and most successful data breach and data privacy class actions to date. *See In re MOVEit Customer Data Security Breach Litig.*, MDL No. 3083 (D. Mass.); *In re: Wawa, Inc. Data Security Litig.*, No. 2:19-cv-06019-GEKP (E.D. Pa.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.); *First Choice Federal Credit Union v. The Wendy's Co. et al.*, No. 2:16-cv-0506 (W.D. Pa.); *In re: The Home Depot, Inc. Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.); *Veridian v. Eddie Bauer*, LLC, 2:17-cv-356 (W.D. Wash.). Their experience is in working up the cases, through discovery and appropriate motions practice, to put data breach victims in the best possible litigation position and achieve the best possible result for the class, as opposed to a quick settlement on less favorable terms. They have successfully expanded the law in this field and their resources, knowledge, and experience in data breach litigation are unparalleled.

Ms. McDonald and her partners at Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles Firm") have established themselves as some of the nation's preeminent class action

2

lawyers, with an established track record over the past 30 years of achieving substantial, ground-breaking results for the classes they represent. Ms. McDonald and her Chimicles partners have led, or worked cooperatively with the lead counsel team, in a multitude of data privacy cases, most recently including: *In re Wawa, Inc. Data Breach Litigation*, No. 2:19-cv-06019 (E.D. Pa.); *Magana v. Omni Family Health*, No. 1:24-cv-01488 (E.D. Ca.); *In Re: Lurie Children's Hospital of Chicago*, No. 1:24-cv-05503 (N.D. Ill.); *Woodall v. Octapharma Plasma, Inc.*, No. 3:24-cv-00424 (W.D.N.C.); *In re: MNGI Digestive Health, PA,* No. 27-cv-24-10788 (State of Minn. District Ct.); *Albrigo v. Young Consulting, LLC*, No. 1:24-cv-08059 (N.D. Ga.); *Willis v. Ohio Lottery Commission*, No. 2024-00446JD (Ohio Court of Claims); *Hasson v. Comcast Cable Communications*, No. 2:23-cv-05039 (E.D. Pa.); *In re MCG Health Data Security Issue Litig.*, No. 2:22-cv-849 (D. Wash.). The Chimicles Firm has all the resources at its disposal necessary to effectively and efficiently litigate data privacy class action litigation and is willing and able to deploy these resources as needed in any case it is leading.

Proposed Co-Lead Counsel's proven track record of successfully leading many, if not most, of the largest data breach cases nationwide demonstrates they are "best able to represent the interests of the class" here. *See* Fed. R. Civ. P. 23(g)(2).

## I.    PROPOSED CO-LEAD COUNSEL IS WELL QUALIFIED TO LEAD THIS LITIGATION

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

"If more than one adequate applicant seeks appointment, the court must appoint the applicant *best able* to represent the interests of the class." *Id.* at 23(g)(2) (emphasis added). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1]

Additionally, in contested leadership situations, courts look to appoint firms with the best resources,[2] that have the most support,[3] or that have a presence in the jurisdiction in which the case is being litigated.[4] These factors all support the proposed leadership structure for this consolidated case.

### A. Proposed Co-Lead Counsel's Work Identifying and Investigating the Claims

Proposed Co-Lead Counsel independently conducted their own thorough investigations of

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

[2] *See, e.g.*, *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 187 (S.D.N.Y. 2008) (appointing one group because competitors did not "have resources comparable to those of the Firms" and holding that the "[f]irms' greater collective resources [including attorney count] weighs in favor of their appointment as interim co-lead counsel.").

[3] *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, No. MDL CIV. 12-2358-SLR, 2012 WL 5833604, at *2 (D. Del. Nov. 16, 2012) (finding that group which "represents 16 of the 24 cases . . . ha[d] made a stronger showing under Rule 23(g)(1)(A)(i) and (iv).").

[4] *See, e.g.*, *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *7 (S.D.N.Y. Oct. 13, 2020) (holding that "in terms of the sheer cost that will be charged to the class (in the event of recovery), a significant presence in New York for a litigation in New York against a New York defendant matters.").

the data breach that is the core focus of the related complaints. The proposed group spoke with many potential class members, and learned what harms class members have already suffered as well as what class members were doing in an attempt to protect them from the consequences of the data breach. Using the information from their investigations, and their extensive experience with data breach cases, Proposed Co-Lead Counsel prepared detailed class action complaints regarding the data breach and, since filing, have worked cooperatively with other Plaintiffs' counsel in an attempt to organize a proposed leadership structure. While these efforts were ultimately unsuccessful, resulting in the competing leadership groups now being presented to the Court, these efforts show the group's ability to organize, and willingness to work closely with, all parties in this consolidated action. Proposed Co-Lead Counsel are familiar with the facts and legal issues in this matter and well-equipped to pursue the relevant claims efficiently on behalf of Plaintiffs and the putative class. They are willing and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary to advance the claims of Plaintiffs and the proposed class.

**B.  Proposed Co-Lead Counsel Has the Best Knowledge and experience to Lead this Litigation**

Proposed Co-Lead Counsel includes attorneys with proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. The group is comprised of attorneys who will work well together (important to a cohesive, effective team), and who have also reached out to other counsel to utilize their talents where needed. Most importantly, the group's attorneys have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims. Data breach cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16,

2019) ("Data breach cases… are particularly risky, expensive, and complex."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.,* 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.")

### Proposed Co-Lead Counsel

- **Katrina Carroll of Lynch Carpenter, LLP**

Ms. Carroll is the managing partner of Lynch Carpenter's Chicago office and has litigated class actions for over twenty years. Recently, Ms. Carroll served as Co-Lead Counsel in *In re TikTok Consumer Privacy Litig.*, 1:20-cv-04699 (N.D. Ill.), a major data privacy MDL against the popular social media app, and was responsible for presenting all settlement-related arguments, ultimately achieving a $92 million recovery for the class. In the data breach space, Ms. Carroll was personally appointed by the Honorable John A. Ross of the Eastern District of Missouri to Plaintiffs' Steering Committee in *In re Ashley Madison Customer Data Security Breach Litigation*, No. 4:15-md-2669 (E.D. Mo.), the MDL involving the highly publicized data breach at Ashley Madison. Ms. Carroll also served as one of two Co-Lead counsel in *Storm et al. v. Paytime, Inc.,* No. 1:14-cv-1138 (M.D. Pa.), which settled and received final approval from the Honorable John E. Jones III of the Middle District of Pennsylvania in November of 2018 after an appeal to the Third Circuit. As noted above, Ms. Carroll also served as Court-appointed Co-Lead counsel in *Lewert v. PF Chang's China Bistro, Inc.*, No. 1:14-cv-04787 (N.D. Ill.), one of the first data breach cases on record, ultimately obtaining a landmark ruling in the Seventh Circuit on Article III

standing, hailed by Law360 as one of the "top privacy cases" of 2016.  These successes are just to name a few.

Ms. Carroll is a 2023 recipient of ALM's Elite Women of the Plaintiffs Bar, National Law Journal's Elite Trial Lawyer award, and has been recognized by the National Trial Lawyers Association as one of the top 25 class action trial lawyers in the State of Illinois.  She has years of experience speaking on various class action topics nationally and currently serves on the Advisory Board of Loyola University School of Law's Institute for Consumer Antitrust Studies. Ms. Carroll is well-credentialed and a recognized leader in the class action space.

Ms. Carroll's firm, Lynch Carpenter, is one of the select few at the forefront of almost every major data breach litigation on record.  The firm's efforts have directly developed the law in favor of data breach and privacy invasion victims, generating seminal legal authority in both trial and appellate courts on various data privacy issues. For example, Lynch Carpenter (then known as Carlson Lynch) forged the development of common law protections against the mishandling of digitally stored data in the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to safeguard such information reasonably from cyber-attack. *See Dittman*, 196 A.3d at 1047.

Likewise, and more recently, Lynch Carpenter is pioneering the use of two-party consent wiretapping statutes to protect the privacy of consumers who visit websites only to have their interactions with the website surreptitiously recorded and shared with third parties. *See Popa v. Harriet Carter Gifts, Inc.*, 45 F.4th 687 (3d Cir. 2022), *amended on rehearing*, 52 F.4th 121 (3d Cir.). The Third Circuit reached a well-reasoned and unanimous decision—reversing the district

court's grant of summary judgment in favor of the defendants—acknowledging that a website owner and a data collection company could not avoid lability under WESCA for intercepting an online shopper's data. *Popa*, 52 F.4th at 129.

Lynch Carpenter attorneys have obtained co-lead counsel appointments in many of the largest and most well-known data breach and privacy cases: *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel; final approval pending of settlement providing up to $37.5 million in monetary relief); *In re Home Depot Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.) (financial institution track; final approval of class settlement of $27 million); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL 2800 (N.D. Ga.) (financial institution track; final approval of class settlement of $7.75 million plus injunctive relief); *First Choice Federal Credit Union v. The Wendy's Company et al*, 2:16-cv-0506, (W.D. Pa.) (financial institution track; final approval of class settlement of $50 million).[5]

As of August 2023, Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In Re: BPS Direct LLC, and Cabela's LLC, Wiretapping Litigation*, MDL 3074 (E.D. Pa.) (consumer data privacy case involving multiple states' wiretapping laws, co-lead counsel); (*In re Zillow Group, Inc. Session Replay Software Litigation*, 2:22-cv-01282 (W.D. Wash.) (consumer data privacy case involving multiple states' wiretapping laws, co-lead counsel);

---

[5] At the Final Fairness Hearing in the *Wendy's* data breach litigation the presiding judge commented: "This case has gone on for about three and a half years. I've spent lots of quality time with the lawyers in this room who have always conducted themselves as very professional individuals and have worked together in a difficult and challenging case in a very constructive way." Transcript of Hearing at 3, *First Choice Federal Credit Union v. The Wendy's Company*, 16-cv-0506 (W.D. Pa. Nov. 6, 2019) (on file with counsel); *see also id.* at 32 ("I want to thank [counsel] and all of your teams. This was a very involved case, and everyone brought to the table an incredible wealth of knowledge, was always prepared, really was thorough and professional in everything that was provided to the Court.").

*In re: Marriott International, Inc.*, 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee). As a result of their extensive litigation efforts in this area of the law, Lynch Carpenter has developed an arsenal of experts in the data privacy field, as well as a thorough working knowledge of the issues that are commonly raised in cases such as this.

Copies of Ms. Carroll's individual and firm resumes are attached as **Exhibit 1**.

- **Beena McDonald of Chimicles Schwartz Kriner & Donaldson-Smith LLP**

Beena McDonald is a partner at the Chimicles Firm and brings more than 20 years of litigation experience, having tried numerous jury trials, bench trials, and arbitrations in both federal and state courts. Ms. McDonald has experience prosecuting a wide variety of class actions, including data privacy and security, product defect, securities litigation and ERISA cases with the Chimicles Firm, which is known for handling high impact cases that become synonymous with ground-breaking judicial decisions that are part of the enduring tapestry of consumer protection jurisprudence.

Having invaluable experience in all aspects of complex litigation, Ms. McDonald is proud to be among the ranks of class action leaders. She is the daughter of Indian parents who immigrated to this country 60 years ago, and is the first born in her family in the United States and the first attorney in her family. Prior to joining the Chimicles Firm, Ms. McDonald served as a Special Assistant United States Attorney with the U.S. Attorney's Office for the Southern District of California, where she prosecuted high stakes federal corruption, firearms, drug importation, and illegal immigration cases through to jury trial or plea agreements. A trial attorney from the start, she made her initial bones as a litigator at the Defender Association of Philadelphia and as in-house counsel for Allstate Insurance Company where, for almost a decade, she regularly tried civil

and criminal jury trials, bench trials and arbitrations. For multiple years, she also sat as an arbitrator in the Court of Common Pleas of Philadelphia County's compulsory arbitration program.

Ms. McDonald has been recognized as a Super Lawyer and is often called upon and known for her trial skills and mentorship in trial academy programs. Specifically, Ms. McDonald is a Diverse Leaders' Academy Appointee ('22-'24) for the American Bar Association's Litigation Section, and is a Co-Chair for the 2026 Litigation Section Annual Conference. She is also a Co-Chair of the ABA Litigation Section's Diverse Trial Lawyer Academy having co-created and co-led the 3-day trial program in Philadelphia, PA, in conjunction with Temple University Beasley School of Law. Ms. McDonald also serves as faculty for the Philadelphia Bar Association's Young Trial Lawyers' Academy. Ms. McDonald also serves in leadership roles in the Sedona Conference and the Philadelphia Chapter of the South Asian Bar Association. Importantly, Ms. McDonald especially strives to mentor attorneys new to the practice of law, especially young women, to ensure they are guided and supported through the large, complex litigations that are part of her practice.

Ms. McDonald has played an integral key role and provided substantial assistance in the prosecution of a multitude of complex class actions against some of the largest companies including:

- *In re Philips Recalled CPAP, Bi-Level PAP, And Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. Pa.). From the inception of this MDL, Ms. McDonald was an integral member of the plaintiff's Co-Lead team that included Lynch Carpenter. She successfully argued before the Judicial Panel on Multidistrict Litigation for the centralization of more than 100 class action and personal injury cases to the Western District of Pennsylvania. She played a key role in: overseeing the entire offensive discovery document review program from its inception of the negotiation of over 70 custodians and search terms, to directing and managing a 65-person team to review over 3.5 million pages of discovery from 5 defendants and a multitude of third-party laboratories, suppliers, and former employees, and then funneling their work product to the Co-Leads and science/expert and law/briefing teams; preparing for and then assisting in more than 20 depositions of key defense witnesses and first chairing the trial deposition one of those

defense witnesses; and managing the review and production of defensive discovery for 58 proposed medical monitoring class representative plaintiffs in a compressed time period including the coordination of their depositions. She also oversaw the Leadership Development Committee, specially created by the Hon. Joy Flowers Conti in this MDL, to promote and support "the education, experience and mentorship" of junior attorneys to lead future MDLs. These efforts were vital to the outstanding $1.6 billion settlement achieved in less than three years after Judge Conti appointed Co-Lead counsel, making the *Philips MDL* one of the most successful and efficiently-run MDLs.

- *Mator v. Wesco Distribution, Inc.,* No. 2:21-cv-00402-MJH (W.D. Pa.); No. 22-2552 (2d Cir.). Ms. McDonald was a key member of this ERISA class action lawsuit, in which the Chimicles Firm is Co-Lead Counsel, alleging breach of fiduciary duties to participants of the Wesco Distribution, Inc. Retirement Savings Plan – a $837 million plan with more than 8,200 participants – by allowing them to pay excessive recordkeeping fees and failing to monitor the plan. Ms. McDonald briefed not only the three rounds of motion to dismiss, but also the Third Circuit appeal papers after which the Third Circuit issues a precedential opinion reversing the lower court. See 102 F.4th 172 (3d. Cir. 2024). The case recently settled for $2.25 million and significant prospective non-monetary relief.

- *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (N.D. Cal.). Ms. McDonald played a significant role in prosecuting this consumer class action lawsuit in which the Chimicles firm was appointed Co-Lead Counsel. Ms. McDonald was an integral member of the team that defeated two motions to dismiss and won class certification. See 2021 U.S. Dist. LEXIS 65812. Ms. McDonald's work on the case included taking and defending numerous fact and expert depositions, working closely with merits and damages experts, and supervising a team that has reviewed more than one million pages of documents in discovery, all of which was key in Apple agreeing to a $50 million non-reversionary cash settlement.

- *In re Chevy Bolt EV Battery Litigation*, No. 2:21-cv-13256-TGB (E.D. Mich.). As part of the Executive Committee team, Ms. McDonald substantially assisted in prosecuting this class action against GM and various LG entities alleging that the Chevy Bolt EV is defective, causing its electric battery to overheat, resulting in an unreasonable safety risk including fires. Ms. McDonald argued before the JPML for centralization and was a key member of the motion to dismiss briefing team and in identifying and working with plaintiffs' experts all of which was vital to the ground-breaking $150 million settlement.

- *In re Nexus 6P Prods. Liab. Litigation*, No. 5:17-cv-02185-BLF (N.D. Cal.). Ms. McDonald was a key member of plaintiffs' Co-Lead Counsel team in this class action against Google and Huawei related to allegations that the battery in the Nexus 6P smartphone was subject to sudden battery drain. Ms. McDonald's efforts helped the plaintiffs' team overcome a motion to dismiss and ultimately achieve a $9.75 million non-reversionary cash settlement that the Honorable Beth Labson Freeman described as "substantial" and an "excellent resolution of the case."

11

- *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-6019 (E.D. Pa.). Ms. McDonald was part of the team in which the Chimicles firm was appointed Co-Lead Counsel to represent payment card issuers in this data breach litigation, that has garnered a settlement providing up to $37.5 million in monetary relief.

- *Christofferson v. Creation Entertainment, Inc.,* No. 19STCV11000 (Sup. Ct. CA). In this data breach case where the Chimicles Firm was appointed as Co-Lead Counsel, Ms. McDonald represented the firm at a mediation before the Honorable Peter D. Lichtman (Ret.) of JAMS, and later presented plaintiffs' motion for preliminary approval of a settlement which created a $950,000 non-reversionary cash fund.

- *Weeks v. Google LLC,* No. 5:18-cv-00801-NC (N.D. Cal.). Ms. McDonald was an integral part of the plaintiffs' Co-Lead Counsel team in this consumer class action relating to an alleged defect in certain Pixel smartphones sold by Google. Ultimately, the consumers represented by Ms. McDonald and her colleagues largely defeated a motion to dismiss and achieved a $7.25 million non-reversionary cash settlement, which the Honorable Nathanael M. Cousins described as being an "excellent resolution of the case".

- *Gordon v. Chipotle Mexican Grille, Inc*., No. 1:17-cv-01415- CMA (D. Colo.). Ms. McDonald was key to plaintiffs' Co-Lead Counsel team in this class action relating to Chipotle's data breach that allegedly exposed consumers' payment card data to hackers, in which a $1.6 million settlement was reached.

Copies of Ms. McDonald's individual and firm resumes are attached as **Exhibit 2**.

### C. Proposed Co-Lead Counsel Has the Resources to Prosecute This Case Effectively

Proposed Co-Lead Counsel has ample resources to prosecute this litigation, from discovery through motion practice, trial, and appeals. *See* Duke Guidelines at 39 (Best Practice 3C(iii)) (stating in part that applicants should "provide information about the resources they have available to contribute to the litigation"). Importantly, as with experience, Proposed Co-Lead Counsel's resources are significant (notably, without litigation funding) and they are fully prepared to go head-to-head against any well-funded defendant or defense firm.  And, both Ms. Carroll and Ms. McDonald have the time to devote to pursuing this matter because neither are currently serving in a lead counsel role in any other data breach matter

### D. Other Factors, Including Diversity, Support the Appointment of Proposed Co-Lead Counsel

In addition to their extensive skills and experience, Proposed Co-Lead Counsel reflects the diversity of the bar and the putative nationwide class. *See* Duke Guidelines at 38 (Best Practice 3C) (noting that leadership appointments should "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds"); James F. Humphreys Complex Litig. Ctr., George Wash. Law Sch., *Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation* (Mar. 15, 2021) (observing that "diversity enhances the quality of the decision-making process and results" in class actions).

Diversity has been a long-standing problem in class-action leadership appointments. According to an ABA survey, 71% of class actions had no women as lead counsel, and in multidistrict cases, men were three times more likely than women to be appointed lead counsel. *Id.* at 3. In fact, the Bureau of National Affairs reported in 2017 that women made up just 16.5% of all plaintiffs' leadership appointments in MDL cases. *Id.*

Finally, Proposed Co-Lead Counsel has significant experience monitoring billing, controlling costs, and avoiding duplication of effort in assigning and undertaking case-related work. Mindful of best practices in complex cases like this one, Proposed Co-Lead Counsel understands the importance of efficient, effective litigation and of keeping the Court informed in the manner best suited to this Court's needs.

### CONCLUSION

Ultimately, the court's task in deciding these motions is "to protect the interests of the plaintiffs, not their lawyers." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006). In this instance, the plaintiffs will be best

13

served by appointing the team that is experienced, has ample resources, are most knowledgeable in the areas of relevant law, and have an established presence in this District. In light of the extensive experience of Proposed Co-Lead Counsel's attorneys in prosecuting data breach class actions—and the resources they can and will devote to the effective litigation of this case on behalf of the class—the Court should appoint Ms. Carroll and Ms. McDonald as Co-Lead Counsel.

Dated: February 5, 2025

                                        Respectfully Submitted,

                                        */s/ Katrina Carroll*
                                        Katrina Carroll
                                        **LYNCH CARPENTER LLP**
                                        111 W. Washington St. Suite 1240
                                        Chicago IL 60602
                                        T: 312.750.1265
                                        katrina@lcllp.com

                                        Beena McDonald
                                        **CHIMICLES SCHWARTZ
                                        KRINER & DONALDSON-
                                        SMITH LLP**
                                        361 West Lancaster Ave
                                        One Haverford Centre
                                        Haverford, PA 19041
                                        Office: 610-642-8500
                                        Fax: 610-649-3633
                                        bmm@chimicles.com

                                        ***Proposed Co-Lead Counsel***