**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RENE GARCIA**,** individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Consolidated Case No: 1:24-cv-11688 |
| v. | ) ) | |
| SET FORTH, INC., | ) ) | Honorable Martha M. Pacold |
| Defendant. | ) ) | |

---

**MAJORITY PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR LEADERSHIP**

**INTRODUCTION**

Complex litigation arising from the theft and sale of confidential personally identifiable information ("PII") involving in excess of 1.5 Million victims requires leadership from a coalition of experienced data privacy attorneys with a track record of successful resolution of these types of cases. Effective leadership thrives on trust and collaboration, fostering an environment where all voices are heard. By encouraging input from a diverse and experienced team, strong leaders merge deep professional experience with fresh perspectives offered by individuals from varied backgrounds. This synergistic approach ensures a combination of wisdom and adaptability, enabling the team to respond effectively to an ever-changing data privacy landscape.

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs Garcia, Bradley, Hopkins, Garrett, Carroll, Moses, Blue, Anderson, Allen, Parrish, Girven, Burgess, Adan, Waudby, Dekenipp, Mason, Martin, Gravely, Meza, Halkias, Valle, Cheek, Newbery, Jannone, Ossler, McCluskey, Bellefeuille, Baca, and Jones[1] respectfully move for the Court to appoint the following attorneys as Proposed Interim Class Counsel for the consolidated action: **Interim Co-Lead Counsel:** Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC, Raina C. Borrelli of Strauss Borrelli PLLC, and Sabita J. Soneji of Tycko Zavareei LLP; **Plaintiffs' Executive Committee Members:** Leigh Montgomery of EKSM, LLP, Jeff Ostrow of Kopelowitz Ostrow, Terry Coates of Markovits, Stock & DeMarco, LLC, Gerard Stranch of Stranch Jennings & Garvey, PLLC, Lori Feldman of George Feldman McDonald, Anderson Berry of The Arnold Law

---

[1] These Plaintiffs represent the following consolidated actions: 1:24-CV-11688, 1:24-CV-11691, 1:24-CV-11739, 1:24-CV-11744, 1:24-CV-11726, 1:24-CV-11808, 1:24-CV-11792, 1:24-CV-11788, 1:24-CV-11781, 1:24-CV-11867, 1:24-CV-11840, 1:24-CV-11857, 1:24-CV-11866, 1:24-CV-11886, 1:24-CV-11922, 1:24-CV-11943, 1:24-CV-11950, 1:24-CV-11957, 1:24-CV-11987, 1:24-CV-11993, 1:24-CV-12028, 1:24-CV-12107, 1:24-CV-12244, 1:24-CV-1220, 1:24-CV-12188, 1:24-CV-12497, 1:24-cv-13069.

Firm, Amber Schubert of Schubert Jonckheer & Kolbe, Charles Schaffer of Levin Sedran & Berman, Ian J. Engdahl of Hausfeld LLP, and Tom Zimmerman of Zimmerman Law Offices; **Plaintiffs' Steering Committee Members:** Daniel Srourian of Srourian Law Firm P.C., Leanna Loginov of Shamis & Gentile, Kevin Cox of the Lyon Firm, Jon Mann of Pittman Dutton Hellums Bradley & Mann, Zac Arbitman of Feldman Shepherd, Steve Basser of Barrack, Rodos & Bacine, Thiago Coehlo of the Wilshire Law Firm, Francesca Burne of Morgan & Morgan, Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLP, Marc Edelson of Edelson Lechtzin LLP, Elizabeth Chavez of Foote Chavez Law LLC, and Danielle Perry of Mason LLP.

Our proposed leadership structure ensures an experienced and collaborative team ready to advance the interests of the class and effectively navigate the complexities of this litigation. The proposed counsel, collectively referred to as "Proposed Interim Class Counsel," will ensure effective coordination and representation throughout the proceedings. Importantly, there is substantial support for this leadership structure. Plaintiffs from **27** of the **thirty (30)** cases on file join this motion (the "Majority Plaintiffs").[2] In other words, *the vast majority of Plaintiffs and their counsel support the appointment of Proposed Interim Class Counsel*. And for good reason: Proposed Interim Class Counsel boast a uniquely credentialed slate, including decades of experience and leadership in complex data privacy and other class actions, federal government enforcement actions, and intimate familiarity with the practices of this District. They come from the largest and most respected plaintiffs' class action firms in the country. Moreover, Proposed Interim Class Counsel's experience goes well beyond the experience of many lawyers in the data breach field, as they have already undertaken work that will inure to the benefit of the class, and

---

[2] The only consolidated actions that have not joined this motion are *Minor v. Set Forth, Inc.*, 1:24-cv-11861, *Salas v. Set Forth, Inc.*, 1:24-CV-11974, and *Cruz v. Set Forth, Inc.*, 1:24-cv-12323.

they are best prepared to hold Set Forth accountable for its failure to protect victims' sensitive information.

Importantly, Proposed Interim Class Counsel have led this litigation since its inception. For example, Ms. Borrelli prepared the motion to reassign and consolidate this litigation before the Court. She coordinated with dozens of Plaintiffs' and defense counsel to reach consensus on the motion papers. Likewise, Mr. Klinger, based in Chicago, led the in-person status hearing with the Court on the consolidation motion (one of only a few lawyers to appear in person). And Ms. Soneji has met and conferred with dozens of plaintiffs' counsel to reach a near-consensus on the leadership proposal set forth in this Motion. They have exemplified leadership.

Also worth noting, Proposed Interim Class Counsel have an unparalleled track record of litigating complicated data breach cases—including to the brink of trial—and achieving significant results, including in this District. For example, they are responsible for the two largest data breach settlements ever obtained in this District and have developed the favorable case law that plaintiffs rely upon in Illinois state and federal courts. That success stems from their ability to build consensus and to efficiently and productively marshal the resources of multiple, similarly talented firms in complex actions for the benefit of the plaintiff classes, always focused on the class's best interests. They are prepared to litigate efficiently, including by utilizing defined roles for each attorney on the slate and monitoring billing with the attached billing protocol. With a diverse, capable leadership team that spreads risk among well-established firms, Proposed Interim Class Counsel meet all the factors Courts consider as part of the 23(g) appointment process and are exceptionally qualified to represent the interests of the class.

## FACTS AND PROCEDURAL HISTORY

Defendant identified it was subject to a cyberattack in May 2024 (the "Data Breach"). The

information hacked included customer name, address, and/or social security number. Over 1.5 million customers' information was included in the breached information according to Defendant's notice to its customers.

Thirty cases arising from the Data Breach have been filed in this District. On January 15, 2025, this Court entered an order consolidating all 30 cases before it and setting a deadline for applications for leadership. Since then, all three proposed Interim Co-Lead Counsel have been working with counsel for all underlying cases to attempt to reach a leadership consensus.

## LEGAL STANDARD

When appointing interim lead counsel, federal courts look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1). *Smith*, 301 F.R.D. at 284. That Rule directs the Court to consider counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; the work counsel has done identifying or investigating potential claims in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g); *Smith*, 301 F.R.D. at 284. If more than one adequate applicant seeks to be appointed, courts appoint the attorney(s) "best able to represent the interests of the class." *Walker v. Discover Fin. Servs.*, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011).

## ARGUMENT

**I.     Proposed Interim Class Counsel are best suited to serve as lead counsel.**

Proposed Interim Class Counsel are best suited to represent the interests of the proposed class. Their knowledge of the relevant law and record of obtaining meaningful monetary and injunctive relief for consumers in data privacy cases is unmatched. Proposed Interim Class Counsel have years of experience litigating class actions in general, and privacy actions in particular. They

have been thought leaders in this area and helped define the law at the district and circuit court levels. Within the last year, they have secured appellate wins in the Second, Fourth, and Eleventh Circuits. And Mr. Klinger, who resides in and has an office in this District, has intimate knowledge of local procedure.

Courts frequently appoint similar slates, including in single-defendant data breach class actions. *See, e.g.*, *Reichbart v. Fin. Bus. & Consumer Sols., Inc.*, No. 24-cv-1876 (E.D. Pa. July 17, 2024), Dkt. 23 (appointing four co-lead counsel with six-person EC and liaison counsel); *Wilson v. Frontier Comms. Parent*, No. 24-cv-1418 (N.D. Tex. July 25, 2024), Dkt. 9 (appointing three co-lead counsel with local counsel and 16-person EC).[3] Proposed Interim Class Counsel have self-organized a structure with defined roles and implemented a time and expense protocol. And they will continue to commit extensive resources to the thorough and efficient litigation of this matter.

### A. Proposed Interim Class Counsel have superior expertise in complex data privacy litigation and are prepared to litigate through trial if necessary.

Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g.*, *Edke v. Belden Inc.*, 2021 WL 3022322, at *2 (N.D. Ill. July 16, 2021) (observing that data breach class actions present "a relatively complex area of standing law").[4] Because data breach cases require an understanding of technical issues like hacking, data privacy measures, and

---

[3] *See also, e.g.*, *Kolstedt v. TMX Finance Corp. Services, Inc.*, 4:23-cv-00076-RSB-CLR (S.D. Ga.) (ECF No. 63) (Appointing three Co-Lead Counsel, one Liaison Counsel, and six member steering committee); *In re LastPass Data Sec. Incident Litig.*, 1:22-cv-12047 (D. Mass.) (ECF No. 74) (Appointing four Co-Lead Counsel, one Liaison Counsel, and a nine member PSC); *Cabezas v. Mr. Cooper Group, Inc.*, Case No. 23-cv-2453 (N.D. Texas) (appointing three Co-Lead Counsel, two Liaison Counsel and nine member steering committee).

[4] *See also, e.g.*, Waller, et al., *The Necessary Evolution of State Data Breach Notification Laws: Keeping Pace with New Cyber Threats, Quantum Decryption, and The Rapid Expansion of Technology*, 79 Wash. & Lee L. Rev. 521, 529 (Winter 2022) (noting that the data breach landscape presents "an evolving threat landscape coupled with evolving technologies," paired with "a patchwork quilt of requirements" under state laws).

industry standards, appointing interim counsel with experience in data privacy litigation is in the best interest of the potential class. Proposed Interim Class Counsel and their firms have superior and unmatched experience leading and litigating data privacy matters. Few attorneys working in the data privacy space have litigated data breach cases through class certification, but Proposed Interim Class Counsel have done so. Proposed Co-Lead counsel's experience is summarized below.

### Gary M. Klinger

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chicago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[5] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[6] Law360 recently highlighted Mr. Klinger's work in the privacy space.[7]

Mr. Klinger has extensive experience leading numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers).

---

[5] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[6] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[7] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space, including case law in Illinois. *See e.g., In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *See Flores v. Aon Corp*., 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled more than 100 class actions involving privacy violations on a classwide basis, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more privacy settlements during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (Mr. Klinger serves as class counsel and obtained a settlement of $45 million in a data breach class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action).

Important to this case, Mr. Klinger has deep experience with data privacy litigation in

Illinois State and federal courts. For example, Mr. Klinger has obtained multiple favorable decisions in this District (*see In re Arthur J. Gallagher Data Breach Litig*., 631 F. Supp. 3d 573 (N.D. Ill. 2022); *In re Mondelez Data Breach Litig.*, No. 23 C 3999, 2024 WL 2817489 (N.D. Ill. June 3, 2024)) and an appellate victory in the First District Appellate Court of Illinois in a data breach case that was dismissed at the trial court for lack of standing in an issue of first impression before the Illinois appellate courts. *See Flores v. Aon Corp*., 2023 IL App. (1st) (230140). He is also responsible for the two largest data breach settlements ever obtained in this District. *See In Re: Arthur J. Gallagher Data Breach Litigation*, No. 1:2022-cv-00137 (N.D. Ill.) (where Mr. Klinger served as lead counsel in a data breach class action involving 3 million consumers and reached a settlement of $21 million); *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at over $17 million). Moreover, Mr. Klinger has also successfully litigated privacy class actions through class certification in this District. *See Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. [8] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale

---

[8] *See* https://milberg.com/precedent-setting-decisions/page/3/.

wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[9]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location. Mr. Klinger's resume is attached as **Exhibit B.**

### Raina C. Borrelli

Raina Borrelli is a founding partner of Strauss Borrelli PLLC ("Strauss Borrelli"), a boutique class action law firm based in Chicago, Illinois, where she leads the firm's class action litigation practice. Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.);

---

[9] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

*Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *Darrin et al. v. Huntington Ingalls Indus.*, 4:23-cv-00053 (E.D.V.A.) (appointed interim co-lead class counsel); *Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel); *In re Thompson Coburn Data Security Litig.*, Case No. 4:24-cv-1509 (E.D. Mo.) (appointed Interim

Co-Lead Counsel); *In re MNGI Digestive Health, PA*, Case No. 27-CV-24-10788 (Hennepin Cty., Minn.) (appointed Interim Co-Lead Class Counsel).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.); *DeBose v. Dun & Bradstreet Holdings, Inc.*, 22-cv-00209 (D.N.J.). Ms. Borrelli's  firm resume is attached as **Exhibit C.**

### Sabita J.  Soneji

Ms. Soneji is a senior partner at the California office of Tycko & Zavareei LLP. She also serves as Chair of the firm's Privacy and Data Breach Group. With almost 25 years of litigation experience, she is a seasoned attorney known for her expertise in data privacy and consumer class actions. Ms. Soneji has successfully led numerous class actions and multidistrict litigations, particularly in consumer privacy and security. Notably, she served on the Executive Committee in *In re T-Mobile Customer Data Security Breach Litigation* (No. 4:21-MD-03019-BCW, W.D. Mo.), one of the largest data breach cases in history, securing a $500 million settlement, including a $350 million cash fund, finalized in June 2023. In February 2024, as co-lead counsel, she achieved final approval of a $37.5 million settlement against Meta Platforms, Inc., in *Lundy v. Meta Platforms, Inc.* (No. 3:18-cv-6793, N.D. Cal.) for unauthorized location tracking. She also played a pivotal role as co-lead counsel in *Lewis, et al. v. Idaho Central Credit Union* (No. CV01-20-03733, Idaho 4th Dist. Ct., Ada Cnty.), securing a $1.55 million settlement in a data breach class action, with

significant per-class-member payouts.

Because of her exceptional track record in data privacy litigation, Ms. Soneji has been appointed to help lead high-profile cases across the country, including: *In Re GM – Co-Lead Counsel of CRA Track*, *In re Fortra File Transfer Software Data Security Breach Litigation* (No. 1:24-md-03090-RAR, S.D. Fla.) – Co-Lead Counsel of Track One, *In re Samsung Customer Data Security Breach Litigation* (No. 1:23-md-03055-CPO, D.N.J.) – Chair of Law and Briefing, *In re HCA Healthcare, Inc. Data Security Litigation* (No. 3:23 CV 684, M.D. Tenn.) – Chair of Law and Briefing, *In re HealthEc LLC Data Breach Litigation* (No. 2:24-cv-00026-JKS-ESK, D.N.J.) – Executive Committee, *In re Harvard Pilgrim Data Security Incident* (No. 23-11211-NMG, D. Minn.) – Executive Committee (settlement reached in October 2024), *In re LastPass Data Security Incident Litigation* (No. 1:22-cv-12047-PBS, D. Mass.) – Executive Committee, *Snowflake – EC*, *Caesars – Chair of Law and Briefing*, *PatelCo – EC*. Ms. Soneji was also actively involved in *In re Capital One Consumer Data Security Breach Litigation* (No. 1:19-md-2915, E.D. Va.), representing a lead plaintiff in a case resulting in a $190 million settlement approved in 2022.

Outside of data privacy, Ms. Soneji has successfully led other major multidistrict litigation. She was appointed to the Plaintiffs' Steering Committee in *In re Juul Labs Inc., Marketing, Sales Practices, and Products Liability Litigation* (No. 19-md-02913-WHO, N.D. Cal.), where she developed and prosecuted RICO claims and served on the law, briefing, and trial committees. These efforts helped secure a $300 million settlement against Juul Labs and Altria.

Before joining the plaintiffs' bar, Ms. Soneji served as senior counsel at the U.S. Department of Justice, where she led complex consumer financial fraud cases, often pioneering innovative legal theories and resolutions. She also served as an Assistant United States Attorney for two years.

As a first-generation Indian American, Ms. Soneji brings a unique and diverse perspective to leadership teams. Her firm, Tycko & Zavareei LLP, shares this commitment to diversity and was recognized with the 2022 Diversity Initiative Award by *The National Law Journal's Elite Trial Lawyers* program. Ms. Soneji's resume is attached as **Exhibit D.**

**B.      Plaintiffs' Executive Committee and Plaintiffs' Steering Committee**

The proposed Executive Committee and Plaintiffs' Steering Committee will provide the leadership team with a wealth of knowledge, experience, and diversity. Their respective qualifications are set forth in their firm resumes, attached hereto as **Exhibit E.**

**C.      Proposed Interim Class Counsel have performed a thorough investigation.**

Proposed Interim Class Counsel and their firms have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation:

*Factual research.* Proposed Interim Class Counsel have independently investigated the facts and circumstances surrounding the data breach, including the reported cause of the data breach, Set Forth's public statements about the breach, media commentary, and consumer experiences. Proposed Interim Class Counsel have consulted with experts to understand how the PII that was exposed can be used by malicious individuals, and have researched the threat actor that reportedly committed the theft and the applicable industry standards for data protection by debt collection entities like Set Forth.

*Interviewing potential class members.* Proposed Interim Class Counsel have interviewed dozens of consumers and families who were affected by the breach. Proposed Interim Class Counsel have heard their stories and will bring that knowledge to bear for the benefit of the potential class.

*Researching relevant law.* Proposed Interim Class Counsel have devoted substantial time to researching the relevant Illinois law governing protection of PII. In that regard, their actions in have raised claims including claims under Illinois's Personal Information Protection Act, Consumer Fraud and Deceptive Business Practices Act, and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 510 *et seq* as well as common law claims. They have also researched relevant court opinions governing class certification, standing, potential defenses, and discovery.

*Drafting detailed complaints.* Proposed Interim Class Counsel drafted detailed complaints, and their clients represent the majority of plaintiffs on file. These pleadings incorporate interviews with consumers and the factual and legal research described above.

*Coordinating with defense counsel.* Proposed Interim Class Counsel have coordinated with counsel for Set Forth regarding the deadline for responses to the aforementioned complaints, among other issues. Proposed Interim Class Counsel have a track record of successfully working with Set Forth's counsel to achieve great results efficiently.

*Coordinating with other plaintiffs' counsel.* Proposed Interim Class Counsel have also coordinated with other plaintiffs' counsel regarding consolidation and leadership. Proposed Interim Class Counsel spearheaded the effort to have the federal cases consolidated. They also earned the support of the majority plaintiffs seeking leadership in the state court actions. They have worked successfully together in many other cases and will continue to collaborate with all plaintiffs' counsel in these actions in the best interests of the proposed class.

*Researching and retaining experts.* Proposed Interim Class Counsel have begun identifying the most experienced damages and liability experts in the data privacy field regarding the claims in this case and the discovery needs for a litigation of this magnitude.

*Preparing for cost-effective litigation.* Proposed Interim Class Counsel have agreed to

utilize the attached billing protocol to monitor their billing and keep costs to the proposed class at a minimum. *See* **Exhibit A.** To the extent the Court has any concerns regarding efficiency, Proposed Interim Class Counsel will work with the Court to implement further measures that will benefit the class and avoid duplication of work. It is in no one's interest (least of all Proposed Interim Class Counsel) for the Plaintiffs to operate inefficiently in a bloated, duplicative structure.

In addition, Proposed Interim Class Counsel will organize the Executive Committee and Plaintiffs' Steering Committee into committees responsible for the following tasks, which will encourage efficient prosecution of this case: (1) **Plaintiff Vetting and Discovery**; (2) **Offensive and Third-Party Discovery** (3) **Law and Briefing**; (4) **Experts**; and (5) **Class Certification.** Defined roles will avoid duplication. In short, Proposed Interim Class Counsel's actions to date demonstrate their commitment to fully prosecuting this action on behalf of the proposed class.

**D. Proposed Interim Class Counsel have substantial knowledge of applicable law.**

Set Forth's dereliction of its duty to protect victims' sensitive PII implicates fundamental privacy and consumer protection laws. Accordingly, it is crucial that any appointed leadership has knowledge of those substantive areas. As described above, Proposed Interim Class Counsel have substantial knowledge in these areas and in consumer class actions generally. Thus, the third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing Proposed Interim Class Counsel.

**E. Proposed Interim Class Counsel will contribute the resources necessary to prosecute this complex and important litigation.**

Proposed Interim Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the potential class's claims. They and their firms have a proven (and unmatched) record of success leading complex data breach class actions, and each attorney

understands the time, energy, and skill necessary to lead this litigation. Each attorney is a partner at a well-established, successful law firm with the financial resources to pursue a case of this magnitude. They do not intend to use third-party litigation financing and will contribute the resources necessary to prosecute this litigation.

## II.    Proposed Interim Class Counsel bring diverse perspectives that will benefit the potential class.

The legal community has emphasized increasing the number of qualified, diverse candidates in leadership roles. As set forth in the *Duke Guidelines* (Best Practice 3C), a leadership slate should "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and background." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 28 (2d ed. 2018). Here, the diversity in race, gender, and experience shared by Proposed Interim Class Counsel, as well as their firms, reflects the diversity of the bar and the proposed nationwide class of consumers. The Interim Co-Lead Counsel slate is majority women—still a rarity in the world of complex consolidated litigation. The slate also includes geographic diversity, with attorneys from across the country.

Equally important is a focus on opportunities for attorneys at different levels in their careers. Proposed Interim Class Counsel bring to bear diverse experiences including decades of experience of class litigation, federal government enforcement, white-shoe international law firms, and more. The slate includes attorneys who have been appointed in dozens of class actions, and earlier-career lawyers with a fresh perspective. This action will provide opportunities for a meaningful role for each attorney in different aspects of the litigation.

## III.    Selection of Multiple Firms as Co-Lead Class Counsel and a Steering Committee is Typical in Complex Data Breach Litigation.

Guided by the Manual for Complex Litigation and their collective experience in scores of

other data breach cases, Proposed Interim Class Counsel invested substantial time and resources in presenting the Court with a near-consensus leadership slate for consideration. *See Manual for Complex Litigation*, Fourth, § 21.272 (noting preference for the "private ordering" approach to the selection and appointment of class counsel). The vast majority of courts overseeing large data breach cases have appointed structures similar to the structure Proposed Interim Class Counsel propose here. These cases include: *In re Blackbaud, Inc., Customer Data Breach Litig.*, 3:20-mn-02972-JMC (D. S.C.) (ECF No. 35) (Appointing four Co-Lead Counsel, one Liaison Counsel, and a seven member PSC); *In re Flagstar December 2021 Data Security Incident Litig.*, 22-cv-11385 (E.D. Mich.) (ECF No. 45) (Appointing three Co-Lead Counsel, one Liaison Counsel, and a five member PSC); *Miller v. NextGen Healthcare, Inc.,* 1:23-cv-02043-TWT (N.D. Ga.) (ECF No. 24) (Appointing two Co-Lead Counsel and a five member PSC); *In re MOVEit Customer Data Security Breach Litig.*, 1:23-md-03083-ADB (D. Ma.) (ECF No. 649) (Appointing five Co-Lead Counsel, two Liaison Counsel, and a 12 member PSC); *In re Marriott International Customer Data Sec. Breach Litig.*, 8:19-md-02879 (D. Md.) (ECF No. 238) (Appointing three Co-Lead Counsel, two Co-Liaison Counsel, and a nine member PSC); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL 2800 (N.D. Ga.) (ECF No. 678) (Appointing three Co-Lead Counsel, two Co-Liaison Counsel, and a seven member PSC); *In re T-Mobile Customer Data Sec. Breach Litig.*, 4:21-md-03019-BCW (W.D. Mo.) (ECF No. 102) (Appointing three Co-Lead Counsel, one Liaison Counsel, and an eight member PSC); *Kolstedt v. TMX Finance Corp. Services, Inc.*, 4:23-cv-00076-RSB-CLR (S.D. Ga.) (ECF No. 63) (Appointing three Co-Lead Counsel, one Liaison Counsel, and a six member PSC); *In re LastPass Data Sec. Incident Litig.*, 1:22-cv-12047 (D. Mass.) (ECF No. 74) (Appointing four Co-Lead Counsel, one Liaison Counsel, and a nine member PSC); *Baker v. ParkMobile, LLC*, No. 21-cv-2182 (N.D. Ga.) (ECF No. 60) (appointing two Co-

Lead counsel and an eight member PSC)

As in those cases, structure like that proposed here is needed for case-specific tasks under the direction and oversight of proposed Interim Co-Lead Counsel. These include: (1) Plaintiffs' defensive discovery efforts including the coordinating and vetting of Plaintiffs for inclusion in a consolidated complaint, responding to Defendants' discovery requests, and defending client depositions; (2) offensive discovery efforts including negotiating discovery protocols, drafting interrogatories and document requests, document review, and depositions; (3) expert work including taking and defending expert depositions and filing and opposing *Daubert* briefs; and (4) law and briefing work including legal research, drafting the complaint, and drafting and responding to motions.

This is a significant data breach involving over one million consumers. The leadership structure proposed here was carefully considered to meet the anticipated needs of the case given the number of victims, numerous cases on file, and complexity of the subject matter.   In this regard, the Manual for Complex Litigation specifically encourages "private ordering" whereby numerous counsel jointly come to a leadership consensus and submit their recommendation for appointment to the court. *See Manual for Complex Litigation*, Fourth, § 21.272 ("By far the most common [method for selecting class counsel] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."); *see also id.* at § 10.22 ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged."); *In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their

counsel.").

Here, the leading data breach firms in the country decided to collaborate to achieve the best possible outcome for the class. Rather than tax the Court's resources by engaging in a protracted and disputed lead counsel proceeding, Proposed Interim Class Counsel conferred and assembled an efficient structure with skilled attorneys—which only benefits the class. These efforts should be applauded.

**CONCLUSION**

Proposed Interim Class Counsel have the resources, talent, and expertise to vigorously pursue this litigation. They have the experience and leadership capabilities to prosecute this litigation efficiently. And their diverse backgrounds and experiences reflect the diversity of the proposed class. Accordingly, Majority Plaintiffs request that the Court appoint Proposed Interim Class Counsel as requested herein.

Dated:   February 5, 2025                    Respectfully submitted,

                                             **PROPOSED INTERIM CO-LEAD COUNSEL:**

                                             */s/ Gary M. Klinger*
                                             Gary M. Klinger
                                             **MILBERG COLEMAN BRYSON**
                                             **PHILLIPS GROSSMAN PLLC**
                                             227 W. Monroe Street, Suite 2100
                                             Chicago, IL 60606
                                             Telephone: (866) 252-0878
                                              gklinger@milberg.com

                                             */s/ Raina Borrelli*
                                             Raina Borrelli*
                                             **STRAUSS BORRELLI PLLC**
                                             980 N. Michigan Avenue, Suite 1610
                                             Chicago, IL 60611
                                             Telephone: (872) 263-1100
                                             Facsimile: (872) 263-1109
                                             raina@straussborrelli.com

*s/ Sabita J. Soneji*
Sabita J. Soneji*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW
Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*ssonji@tzlegal.com*

**PROPOSED EXECUTIVE COMMITTEE:**

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery (*pro hac vice*)
**EKSM, LLP**
4200 Montrose, Ste. 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455
lmontgomery@eksm.com

*/s/ Jeff Ostrow*
Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.332.4200
ostrow@kolawyers.com

*/s/ Terrence R. Coates*
Terence R. Coates
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

21

*/s/ Lori G. Feldman*
**GEORGE FELDMAN McDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: (917) 983-9321
lfeldman@4-justice.com

*/s/ M. Anderson Berry*
M. Anderson Berry
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Fax: (916) 924-1829
aberry@justice4you.com

*/s/ Amber L. Schubert*
Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
2011 Union St., Suite 200
San Francisco, CA 94123
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
aschubert@sjk.law

*/s/ Charles E. Schaffer*
Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
cschaffer@lfsblaw.com

*/s/ Ian J. Engdahl*
Ian J. Engdahl
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel.: (202) 540-7200
iengdahl@hausfeld.com

*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr. (IL #6231944)
tom@attorneyzim.com
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Tel: (312) 440-0020
Fax: (312) 440-4180

**Plaintiffs' Steering Committee:**

*/s/ Daniel Srourian*
Daniel Srourian
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverly Hills, California 90210
Telephone:     (213) 474-3800
Facsimile:     (213) 471-4160
Email:  daniel@slfla.com

*/s/ Leanna A. Loginov*
Leanna A. Loginov, Esq.
lloginov@shamisgentile.com
**SHAMIS & GENTILE P.A.**
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel: (305) 479-2299

*/s/ Kevin Cox*
Kevin Cox
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: kcox@thelyonfirm.com

*/s/ Jonathan S. Mann*

Jonathan S. Mann
**PITTMAN, DUTTON, HELLUMS,  BRADLEY
& MANN, P.C.**
2001 Park Place North, Suite
1100 Birmingham, AL 35203
Phone: (205) 322-8880
jonm@pittmandutton.com

23

*/s/ Zachary Arbitman*
Zachary Arbitman (Bar No. 314274)
**FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK DODIG, LLP**
1845 Walnut Street, floor 21
Philadelphia, PA 19103
Phone: 215.567.8300
zarbitman@feldmanshepherd.com

*/s/ Stephen R. Basser*
Stephen R. Basser
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com

*/s/ Thiago M. Coelho*
Thiago M. Coelho
**Wilshire Law Firm, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
T: (213) 381-9988
F: (213) 381-9989
E: *thiago@wilshirelawfirm.com*

*/s/ Francesca K. Burne*
Francesca K. Burne
**MORGAN & MORGAN  COMPLEX**
LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 223-5505
fburne@ForThePeople.com

*/s/ Carl . Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd, Suite 1700
Chicago, Illinois 60604
t: 312-984-0000
malmstrom@whafh.com

*/s/ Eric Lechtzin*
Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
T: (215) 867-2399
medelson@edelson-law.com

*/s/ Elizabeth Chavez*
Elizabeth C. Chavez (#6323726)
**FOOTE CHAVEZ LAW, LLC** 1541 E. Fabyan
Parkway, Suite 101
Geneva, IL 60134
Telephone: (630) 228-9091
Facsimile: (630) 232-7452
ecc@fmcolaw.com

*/s/ Danielle L. Perry*
Danielle L. Perry
MASON LLP
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: dperry@masonllp.com

25

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Gary M. Klinger*