# **EXHIBIT A**

**PROPOSED TIME AND EXPENSE BILLING PROTOCOL**
*Garcia v. Set Forth, Inc.*
*Case No.: 1:24-cv-11688-MP*

It is important that all plaintiffs' counsel on this case follow the same consistent, standard, and accurate billing practices. Time keeping has both a substantive and procedural component: We must only bill for time that is justifiably billed to the case (and that we would feel comfortable requesting payment from a fee-paying client), and we must document that time contemporaneously, accurately, and completely so that the Court and/or our clients can understand the work that we have done. At the direction of Co-Lead Counsel, the following billing protocols are now in place. Please forward this memo to all timekeepers at your firm.

I. **OVERALL POLICIES AND GUIDELINES**

   A. **All Time and Expenses Must Be Authorized**. Plaintiffs' counsel will only be entitled to fees or reimbursement of expenses for functions or expenses authorized in advance by Co-Lead Counsel. If you have any doubts about whether your time has been so authorized, please reach out to Co-Lead Counsel for clarification. Time and expenses will only be submitted to the Court for work authorized in advance. ***Therefore, each billing entry must indicate who assigned you the function (or Litigation Phase category) for each task that is billed.***

   B. **Adherence to This Protocol Required**. Simply reporting the time does not mean a firm will be paid for that time or that such time will be included in any fee application. We will not be able to include in any fee petition any time that is not expended and timely reported in accordance with this protocol. Further, Co-Lead Counsel will evaluate the propriety of all reported time to ensure that the tasks were efficiently handled and are reasonable.

   C. **Minimum Number of Attorneys**. As few attorneys as reasonably possible should be on any conference call, deposition, hearing, or meeting. At all times, care and attention shall be paid to avoid overbilling and overstaffing the case. No one other than Co-Lead Counsel shall attend hearings unless specifically authorized to do so by all Co-Lead Counsel in advance.

   D. **Weekly Calls.** We intend to have regular leadership calls during which we will bring each other up to speed on the work we're each doing in this litigation and the progress of the litigation as a whole. These calls will be limited to the Co-Leads, members of Plaintiffs' Executive Committee, and their attorneys/paralegals assigned to the case. Other Plaintiffs' counsel may participate if authorized to do so by all Co-Lead Counsel in advance.

   E. **Avoid Over-Staffing and Over-Billing**. Everyone must be mindful of the kinds of activities that are done by certain billers. Assignments within a firm should be delegated commensurate with years of experience and with the goal of avoiding over-staffing and over-billing. As an example, a senior partner should not be performing and billing for dozens of hours

0

of document review.

**F. Common Benefit Time Only.** Time and expenses incurred prior to the appointment of Co-Lead Counsel will be considered for compensation only to the extent they contributed to the advancement of the litigation as a whole. Any time billed prior to appointment shall include an explanation as to how the work performed was directed by the Court or otherwise benefitted the class.

**G. Casual Review of Filings and Emails**. Do not bill for casual review of filings, orders, transcripts, emails, or other documents not directly related to work assigned by Co-Lead Counsel. This will not be considered compensable time and should not be submitted. If you are reviewing for a reason (*i.e.*, to revise and edit, or to prepare for a hearing, conference call, or deposition), so state. Moreover, if you are not doing work relating to a specific area, you should not be billing to review those documents at all. For example, if you are not working on discovery issues, you do not need to bill to review motion to compel briefs and responses. Also, do not bill an inordinate amount of time to reviewing/responding to emails, and never bill for administrative emails.

**H. Administrative Tasks and Administrative Staff.** Do not bill time for communication with administrative staff (except for very lengthy substantive conversations, such as training staff on document review protocols or other supervisory matters). Do not bill attorney time for administrative tasks that could be handled by a secretary or paralegal, such as organizing files, copying and mailing. Do not bill for leaving a voicemail.

**I. Contract Attorneys**. No contract lawyers will be used to work on this case.

**J. Allocation of Fees.** If we are fortunate enough to be awarded a fee in this litigation, the allocation of the fee among the participating firms will be made by Co-Lead Counsel after the fee has been awarded. In allocating any fee, Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. While each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, and any other considerations that Co-Lead Counsel deem relevant.

**II. GENERAL BILLING RULES**

    **A. Format**

- Time must be maintained accurately and contemporaneously. Failure to maintain such records contemporaneously, as well as an insufficient description of the activity, may result in disallowed time.

- All time must be billed in six-minute (tenth-of-an-hour) increments.

- At the end of any call or meeting, confirm the time to be billed. If it is a team conference call, or other call with several participants, the person chairing the meeting, shall state the amount of time at the end of the call or send an email thereafter. Do this also for meetings with attorneys in your own firm. **Important!** If you join a call late, or get off a call early, please state "(partial)" in your time records, to avoid confusion about how long the call or meeting lasted.

- **Block billing is expressly prohibited**. Time shall be recorded by specific task and lawyer or other professional performing the task. Time must be recorded by each task such that if there are multiple tasks billed to this case in a single day, each task must be its own entry including its allotted time spent on that specific task alone.

- Use descriptive and detailed summaries and action words. When describing the documents you are working on, instead of writing "review order," provide more details by specifying the subject or date of those documents (*e.g.*, "review stipulation to continue Rule 16 conference"). If you do an in-depth and long review of a document, list why (*e.g.*, "in preparation for a deposition") or at least list further descriptive words (*e.g.*, "review and analyze"). Similarly, when describing your actions, avoid using phrases like "work on x" or "follow up on y," as these do not make clear what you actually did (instead use words like review, draft, analyze, annotate, research, etc.).

- Each time entry shall include an "approved by" column so that the timekeeper must state which Co-Lead approved of the function.

- Always include subject matter in your entries. References to "phone call," "review documents," "legal research," "attend meeting," "review email," standing alone, are insufficient.

- Always list other participants on telephone calls or in meetings, either by title (*i.e.*, "opposing counsel," or, preferably, by name). If there are large team conference calls or meetings, we can designate one person to list all participants in the billing record, and others can then record "phone call with team." It may not be possible or desirable to list all recipients of emails, but try to specify the general group (*i.e.*, "exchange email with opposing counsel re:...," "exchange email with Co-Lead Counsel re:...," or "exchange email with L. Nussbaum re:..."). **We will use first initial and last names** (*i.e.*, "teleconf with E. Frankel re: ESI protocol"). Using initials or only first names makes it difficult to understand the entry and to compare entries between firms.

- Check spelling and grammar and avoid abbreviations that may make sense to you alone, or to you and other plaintiffs' counsel, but not to the Court.

- You may not bill for time spent entering or summarizing time and/or expense reports.

### B. Billing Rates

- Billing rates must be "your customary billing rates" for this type of case. You must have some objectively verifiable proof of your customary billing rates.

- With your first submission of time and expenses, you shall also provide to us a list of the proposed attorneys/paralegals who will bill time on this case and their customary and usual court-approved hourly rates. For each attorney, you must also specify whether the attorney is a partner or associate (including of counsel or other designations), and the year of law school graduation.

## III. EXPENSES

All expenses that are contemporaneously recorded, specifically documented, and timely reported will be eligible for reimbursement.

During the litigation, common benefit expenses that benefit all plaintiffs (referred to below as "Shared Costs") will be paid from the litigation fund. "Held Costs" are those that will be carried by each attorney in this case and are described in more detail below.

All cost reimbursements will be subject to the limitations set forth below.

### A. Shared Costs

Shared Costs are costs incurred for the common benefit of this case as a whole. Any Shared cost in excess of $5,000 will require advance approval from Co-Lead Counsel before the expense is paid. Shared Costs submitted to the litigation fund for reimbursement will be reviewed for adherence to these guidelines. Shared Costs that are approved by Co-Lead Counsel may be eligible for reimbursement on a rolling basis from the litigation fund. Shared Costs include:

- Filing and service costs;

- ESI hosting and review expenses;

- Deposition and court reporter fees;

- Expert witness costs;

- Document depository and other database costs;

- Website creation and hosting costs;

- Bank or financial institution charges;

3

- Investigative services;

- Notice/claims administrator charges;

- Special Master charges; and

- Mediator charges.

**B. Held Costs**

Held costs must be incurred for the global benefit of this case. No specific client-related costs may be considered as held costs, unless authorized by Co-Lead counsel. All Held Costs should be reported at cost with no mark-up. All attorneys seeking reimbursement for Held Costs must retain all receipts and billing records necessary to justify reimbursement. Held Costs must be reported on a monthly basis consistent with the policies set forth below. Held Costs must be incurred in performance of tasks authorized in advance and in writing by Co-Lead Counsel. Held Costs include the categories listed below, and are subject to the following limitations:

- **Air travel.** Counsel shall use their best efforts to obtain reasonably-priced airfare, presumptively the cost of a coach fare seat or its equivalent. First-class travel will not be reimbursed.

- **Ground transportation.** All rental or taxi fees should be reasonable for the type of travel required. No black cars or limousines will be reimbursed unless no other services were available, or a larger car can be justified by the number of travelers.

- **Hotel:** Counsel shall stay in accommodations that do not exceed the cost of standard, business-class hotels in the city in which the stay occurs. No suites or excessive hotel costs will be reimbursed.

- **Meals.** Meal expenses shall be reasonable, accounting for the purpose of the meal and the options available. Expenses for alcohol will not be reimbursed.

- **Cash Expenses.** Please avoid miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling). They may be reimbursed provided the expenses are properly itemized, not excessive, and accurately described.

- **Other:** postage; long distance telephone charges; outside photocopying. Please note that regular in house copying and printing costs will not be reimbursed.

**C. Billing Rules**

The following guidelines apply to both Shared Costs and Held Costs:

- All requests for reimbursement must be at actual cost and supported by receipts.

- Only reasonable expenses will be reimbursed.

- Expenses should be reported in the month incurred. On expenses reported later, due to delays caused by slow third-party billing statements or billing cycles, the expense should be reported in the first-possible submission, along with an explanation for the delay.

- All expenses should include a description of the reason for the cost and reference the task associated with the cost.

**IV.    SUBMISSION OF TIME AND VERIFICATION**

**A.    Format.** Time and expense reports will be compiled, reviewed and maintained by the Executive Committee Chair. Please transmit your monthly time and expense reports electronically in PDF and Excel format to Proposed Co-Lead Counsel. If you have any questions regarding the reports, please contact Gary M. Klinger at GKlinger@milberg.com directly by email or telephone.

Each monthly time and expense submission must include the Time and Expense Reports in both a single Microsoft Excel workbook format (.xls) and PDF (.pdf) format. This means that each monthly submission email will consist of one PDF file and one Excel file, within which there will be three tabs: Monthly Expense Report; Monthly Time Report; and Monthly Time Report Summary. **Submissions must be made using the attached Time and Expense Reports. Time and expenses not submitted using these Reports will not be considered.**

All Time and Expense Reports must be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. This requirement may be satisfied by including such a certification along with each submission, either as a separate attachment to the email containing the submissions, or, if the submission email is sent directly by the certifying attorney, then in the body of the email containing the submissions.

You must maintain the underlying time and expense records that support your monthly submissions, including original receipts.

**B.    Schedule.** The first time and expense reports are due the 15th of the month after the month that the Court enters an order approving this Billing Protocol and should include all qualified time and expenses incurred through the month that this Billing Protocol was approved. Time and expense reports thereafter are to be submitted **by the 15th of each month** (or the first business day thereafter) for the preceding month (*e.g.,* if the Court enters an order approving this Billing Protocol on September 8, 2024, the first time and expense report shall be due October 15, 2024, and shall include all time and expenses incurred through September 30, 2024, and the second

report shall be due on November 15, 2024, and shall include all time and expenses incurred in throughout October 2024). Co-Lead Counsel shall have the discretion to consider, compile or include time and expenses that are submitted significantly late.