**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: SET FORTH DATA SECURITY BREACH LITIGATION | Consolidated Case No. 1:24-cv-11688<br><br>Honorable Martha M. Pacold |

**DEFENDANT SET FORTH, LLC, D/B/A FORTH'S UNOPPOSED MOTION TO FILE CERTAIN DOCUMENTS SUPPORTING ITS MOTION TO COMPEL ARBITRATION UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 7(b), and Local Rule 26.2(c), Defendant Set Forth, LLC, d/b/a Forth ("Forth"), hereby moves to file portions of its Memorandum of Law in Support of its Motion to Compel Arbitration, as well as the entirety of the Declaration of Richard Anderlick In Support of Forth's Motion To Compel Arbitration, and Exhibits A – E thereto, under seal. Permitting Forth to file unredacted versions of these documents under seal is justified to protect Forth's confidential and proprietary business information, as well as the information of its customers and Plaintiffs' personally identifiable information ("PII"). In support of this Motion, Forth states as follows:

1. Local Rule 26.2(b) allows this Court to "enter an order directing that one or more documents be filed under seal," where "good cause [is] shown" for such an order. LR 26.2(b).

2. Courts in the Seventh Circuit recognize the right of public access to judicial documents, which right has roots in the common law and is secured by the First Amendment. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). However, "that presumption may be counterbalanced by other considerations," *Smith v. U.S. Dist. Ct. for S. Dist.*

*of Illinois*, 956 F.2d 647, 650 (7th Cir. 1992), including when the information sought to be withheld from public view constitutes "confidential and/or proprietary business information." *See Bastian Sols., LLC v. Attabotics, Inc*, No. 1:23-CV-00198-JRS-CSW, 2024 WL 4534248, at *1 (S.D. Ind. Sept. 10, 2024) (citing *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2009)). Specifically, "[c]ustomer-specific information warrants trade secret protection so long as it was maintained in confidence." *NAV Consulting, Inc. v. Kumawat*, No. 1:22-CV-03624, 2023 WL 6388728, at *7 (N.D. Ill. Sept. 29, 2023) (citation omitted).

3. Forth's Motion to Compel Arbitration is based on arbitration agreements contained in Account Agreements two named Plaintiffs—Joel Bellefeuille and Janice Adam—executed with Forth. Those Account Agreements are attached as Exhibit A – E to the Declaration of Richard Anderlick in Support of Forth's Motion to Compel Arbitration. Both the Anderlick Declaration and Forth's Memorandum of Law in Support of its Motion to Compel Arbitration extensively reference those Account Agreements.

4. Bellefeuille and Adam's Accounts Agreements contain confidential and proprietary information about the way Forth conducts its business vis-a-vis its individual consumer customers and its Debt Relief Service Provider clients. The Account Agreements also contain confidential information relating to the specific terms of the debt-settlement programs these Plaintiffs entered into with their third-party Debt Relief Service Providers. Finally, the Account Agreements contain Plaintiffs' PII, including their addresses, phone numbers, and Social Security numbers.

4. Here, good cause exists to allow Forth to file portions of its Memorandum of Law in Support of its Motion to Compel Arbitration and the entirety of the Declaration of Richard Anderlick in Support of Forth's Motion to Compel Arbitration and Exhibits A–E thereto under seal. Public disclosure of these account agreements could allow Forth's competitors to understand

the specific mechanics of the services it provides to individual consumers as well as the confidential terms of the payment plans Plaintiffs and the third-party Debt Relief Service Providers have agreed to. Such confidential business information, including information relating to Forth's individual and business customers, is properly withheld from public disclosure. *See Bastian Sols., LLC*, 2024 WL 4534248, at *1; *NAV Consulting, Inc.*, 2023 WL 6388728, at *7. Those exhibits also contain PII showing Plaintiffs' written consent to the Account Agreements.

5. Contemporaneously with this Motion, and as required by Local Rule 26.2(c)(1) and (2), Forth has filed:

   a. Public-record versions of the (1) Memorandum of Law in Support of its Motion to Compel, with redactions obscuring the sensitive material that must be kept under seal, and (2) Declaration of Richard Anderlick In Support of Forth's Motion To Compel Arbitration and Exhibits A–E thereto identified as "Fully Redacted"; and

   b. Provisional, non-redacted versions of the (1) Memorandum of Law in Support of its Motion to Compel, with proposed redactions highlighted in yellow; and (2) Declaration of Richard Anderlick In Support of Forth's Motion To Compel Arbitration and Exhibits A–E thereto bearing watermarks designating those documents as "Under Seal."

6. Counsel for Forth conferred with counsel for Plaintiffs on January 23, 2026, and are authorized to state the Plaintiffs do not oppose the relief requested herein.

Dated: January 26, 2026.

Respectfully submitted,

/s/ Seth M. Erickson
Seth M. Erickson
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker, Suite 4100
Chicago, IL 60606
Telephone: (312) 759-5930
seth.erickson@troutman.com

Ronald I. Raether, Jr. (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92614
Telephone: (949) 622-2722
Ronald.Raether@troutman.com

Joshua Daniel Davey (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
Joshua.Davey@troutman.com

Timothy J. St. George (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Timothy.St.George@troutman.com

*Attorneys for Defendant Set Forth, LLC d/b/a Forth and Centrex Software, Inc.*