AWP – PRIVILEGED & CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: SET FORTH DATA SECURITY BREACH LITIGATION | Consolidated Case No. 1:24-cv-11688 |
| | Honorable Martha M. Pacold |
| THIS DOCUMENT RELATES TO: ALL CASES | |

# **DECLARATION OF JANICE ADAM**

I, Janice Adam, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18, of sound mind, and have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would testify competently to the matters set forth herein.

2. I am one of the named plaintiffs in this proposed class action and submit this Declaration in support of my claims as alleged in the Consolidated Class Action Complaint filed in this case.

3. I understand that Set Forth seeks to force me to arbitrate my claims instead of pursuing them on behalf of myself and proposed Class Members in this litigation.

4. I do not believe I should be forced to arbitrate my claims against Set Forth.

5. I have reviewed the portions of the Declaration of Richard Anderlick in Support of Defendants' Motion to Compel Arbitration that pertain to me. At paragraph 10, Mr. Anderlick indicates I signed three contracts with Set Forth related to my relationship with an entity called Cordoba Legal Group ("Cordoba"). Mr. Anderlick indicates I signed the first agreement with Set Forth on September 15, 2023, the second Set Forth agreement on November 18, 2023, and the third Set Forth agreement on January 8, 2024, and by doing so, I agreed to one or more arbitration

provisions in the Set Forth agreement. Mr. Anderlick attaches these agreements as Exhibits C, D, and E to his declaration, and I reviewed a version of these exhibits provided to my counsel by Set Forth (the "Forth Account Agreements").

6. I first contacted Cordoba around August of 2023 for assistance with my outstanding debts. At the time, I had incurred around $10,000 in outstanding debts. I was desperate to get my finances in order because the situation felt out of control. In my initial conversations with Cordoba, I explained my personal circumstances and how they were contributing to my struggles to pay down my debts. I was told that Cordoba would collect a monthly payment from me to create a fund from which to pay off my debts and negotiate debt settlements on my behalf.

### September 15, 2023 Forth Account Agreement

7. On September 15, 2023, I spoke with a Cordoba employee on the phone regarding their debt relief services. During the phone conversation, the Cordoba employee told me I needed to sign some documents they were sending me via email. I received an email containing a link, which took me to an online document signing program. To the best of my recollection, the online signing program automatically scrolled directly to the first signature line in the document, such that I did not have the opportunity to review the agreement I was signing. After I electronically signed on the first signature line, the online signing program automatically jumped to the next signature or initial point in the agreement, and I did not have the opportunity to review any parts of the agreement in between. I do not recall seeing any indication that the documents related to services other than working with Cordoba or being told by the employee I spoke to that the documents related to other companies or Set Forth in particular. I do not recall seeing the name Set Forth until it appeared on my bank statements.

8. I remained on the phone with the Cordoba employee for the entire time that I was signing the documents presented through the online document signing program. I felt rushed to complete the signing process because the Cordoba employee was waiting for me to finish and telling me Cordoba could not help me unless I completed all the requested signatures. The employee's comments and presence on the phone line created a sense of urgency, and I felt I had to act quickly in order to get help with my outstanding debt.

9. It was my understanding that by signing these documents, I was only agreeing to the terms of my debt relief payment plan, which would be administered by Cordoba.

10. I was not aware of Set Forth's arbitration provision at the time the Forth Account Agreement was signed or that I had an opportunity to opt out of this arbitration provision. I do not recall any reference to the Forth Account Agreement, the arbitration provision, or my opportunity to opt out of the arbitration provision at any time during the phone call.

11. Had I understood that I was agreeing to arbitrate disputes or waiving my right to bring claims in court, I would not have agreed to sign the Forth Account Agreement without first obtaining additional time to review them and, if necessary, seeking legal advice.

12. Immediately following this call with Cordoba, I felt uneasy. I realized I did not fully understand the documents I had been asked to sign because I had not had a chance to review them.

**November 18, 2023 and January 8, 2024 Forth Account Agreements**

13. At some point in the weeks following my conversation with the Cordoba employee where I had signed the initial documents, I realized that I was not happy with the arrangement with Cordoba, and I wanted to end the relationship and tackle my debts another way.

14. Around November 18, 2023, I spoke with a Cordoba employee on the phone and attempted to terminate our relationship. The Cordoba employee told me that I should instead change the terms of my payment plan and once again sent me documents to sign via email. I again received an email containing a link, which took me to the same online document signing program. To the best of my recollection, the online signing program automatically scrolled directly to the first signature line in the document, such that I did not have the opportunity to review what I was signing. After I electronically signed on the first signature line, the online signing program automatically jumped to the next signature or initial point in the agreement, such that I did not have the opportunity to review any parts of the agreement in between. I do not recall seeing any indication that the documents related to services other than working with Cordoba or being told by the employee I spoke to that the documents related to other companies or Set Forth in particular.

15. Like before, I remained on the phone with the Cordoba employee for the entire time that I was signing the documents presented through the online document signing program. I felt rushed to complete the signing process because the Cordoba employee was waiting for me to finish and telling me Cordoba could not help me unless I completed all the requested signatures.

16. It remained my understanding that by signing these documents, I was only agreeing to the terms of my debt relief payment plan, which would be administered by Cordoba.

17. I was not aware of Set Forth's arbitration provision at the time the Forth Platform Agreement was signed or that I had an opportunity to opt out of this arbitration provision. I do not recall any reference to the Forth Account Agreement, the arbitration provision, or my opportunity to opt out of the arbitration provision at any time during the phone call.

18. In the weeks following this conversation, I determined I still was unhappy with the arrangement with Cordoba, despite the modifications made to my payment terms, and I wanted to end the relationship and tackle my debts another way.

19. Around January 8, 2024, I spoke to a Cordoba employee on the phone again, and I again attempted to terminate our relationship. Like before, the employee told me that I should instead change the terms of my payment plan and once again sent me documents to sign via email. The online signature process was consistent with the prior two times I had signed documents for Cordoba—the program automatically scrolled to the signature pages, and the Cordoba employee remained on the phone as I was signing the documents and urged me to complete them.

20. It remained my understanding that by signing these agreements, I was only agreeing to the terms of my debt relief payment plan, which would be administered by Cordoba.

21. Had I understood that I was agreeing to arbitrate disputes or waiving my right to bring claims in court, I would not have agreed to sign the documents on November 18, 2023, or January 8, 2024, without first obtaining additional time to review them and, if necessary, seeking legal advice.

**Opt Out Provision**

22. My counsel has indicated to me that paragraph 16 of the Additional Terms of Service to the Forth Account Agreement contains an option to opt out of arbitration.

23. I was not aware of the arbitration provision and did not have the opportunity to review the arbitration provisions in the agreements discussed above, and therefore was not aware that I had the ability to opt out until after becoming involved in this litigation, after the opt out period had expired. Had I known of my ability to opt out of Set Forth's arbitration provision earlier, I likely would have done so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___Mar 10 2026___.

By: _*Janice Adam*_
Janice Adam



# Audit Trail

## Document Details

| | |
|---|---|
| **Title** | Set Forth Data Breach Litigation - Declaration of Janice Adam |
| **File Name** | 2026.03.09 - Set Forth - Pltff J. Adam Declaration ISO Oppo to Mtn Compel Arb. Final lm.pdf |
| **Document ID** | 961836dc3f224d35ac5d3ec55444f830 |
| **Fingerprint** | 632692d79b15d1f52d64a4475136b184 |
| **Status** | Completed |

## Document History

**Document Created**
Document Created by Emery Reddy (esign@emeryreddy.com)
Fingerprint: e2db917bd58aa855c1fdacd75fdd6377
Mar 09 2026
11:36PM UTC

**Document Sent**
Document Sent to Janice Adam (janiceadam01@gmail.com)
Mar 09 2026
11:36PM UTC

**Document Viewed**
Document Viewed by Janice Adam (janiceadam01@gmail.com)
IP: 207.212.26.87
Mar 10 2026
01:33PM UTC

**Document Viewed**
Document Viewed by Janice Adam (janiceadam01@gmail.com)
IP: 173.194.92.176
Mar 10 2026
01:34PM UTC

**Document Signed**
Document Signed by Janice Adam (janiceadam01@gmail.com)
IP: 207.212.26.87

*Janice Adam*

Mar 10 2026
01:34PM UTC

**Document Completed**
This document has been completed.
Fingerprint: 632692d79b15d1f52d64a4475136b184
Mar 10 2026
01:34PM UTC


Processed by xodo sign