UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | x | |
| IN RE: SET FORTH DATA SECURITY BREACH LITIGATION | : : | Consolidated Case No. 1:24-cv-11688 |
| | : | Honorable Martha M. Pacold |
| | x | |
| THIS DOCUMENT RELATES TO: ALL CASES | : : : : | |
| | x | |

## DECLARATION OF JOEL BELLEFEUILLE, JR.

I, Joel Bellefeuille, Jr., pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am over the age of 18, of sound mind, and have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would testify competently to the matters set forth herein.

2.      I am one of the named plaintiffs in this proposed class action and submit this Declaration in support of my claims as alleged in the Consolidated Class Action Complaint filed in this case.

3.      I understand that Set Forth seeks to force me to arbitrate my claims instead of pursuing them on behalf of myself and proposed Class Members in this litigation.

4.      I do not believe I should be forced to arbitrate my claims against Set Forth.

5.      I have reviewed the portions of the Declaration of Richard Anderlick in Support of Defendants' Motion to Compel Arbitration that pertain to me. At paragraphs 8–9, Mr. Anderlick indicates I signed two contracts with Set Forth (the "Forth Account Agreement"), as well as an agreement with an entity called Alleviate Financial Solutions, LLC ("Alleviate"), and entity called Sentry Legal Plan, LLC ("Sentry") and an entity called Cordoba Legal Group ("Cordoba"). Mr. Anderlick indicates I signed the agreement with Alleviate and the first agreement with Set Forth

on January 31, 2023, and the agreement with Cordoba and the second agreement with Set Forth on January 10, 2024, and by doing so, I agreed to one or more arbitration provisions in the Forth Account Agreement. Mr. Anderlick attaches these agreements as Exhibits A and B to his declaration, and I reviewed a version of these exhibits provided to my counsel by Set Forth.

### January 31, 2023 Alleviate Agreement and Forth Account Agreement

6.      I have no recollection of reviewing or signing the set of agreements with Alleviate, Sentry, and Set Forth on January 31, 2023, as indicated by Mr. Anderlick's declaration. I do not recall being presented with, reviewing, or agreeing to any arbitration provision at that time.

7.      What I do recall of the time period around January of 2023 is that I had significant personal and financial struggles. I had incurred over $13,000 in outstanding debts, some of which were related to my ongoing divorce proceedings. My elderly father had also recently been diagnosed with dementia, and I was caring for him. I felt my life was falling apart, and I was desperate to find a solution to my financial problems. Because of the stress I was under, I have difficulty remembering some details of this time period.

### January 10, 2024 Cordoba Agreement and Forth Account Agreement

8.      In or around January of 2024, I was still struggling with significant debt and my personal circumstances. At some point, I got in contact with Cordoba, and I explained my personal circumstances and how they were contributing to my struggles to pay down my debts.

9.      On or around January 10, 2024, I spoke with a Cordoba employee on the phone regarding their debt relief services. During the phone conversation, the Cordoba employee told me I needed to sign some documents they were sending me via email. I received an email containing a link, which took me to an online document signing program. I was not presented with physical copies of these documents.

10.     To the best of my recollection, the online signing program automatically scrolled directly to the first signature line in the document, such that I did not have the opportunity to review the agreement I was signing. After I electronically signed on the first signature line, the online signing program automatically jumped to the next signature or initial point in the agreement, such that I did not have the opportunity to review any parts of the agreement in between. I signed several agreements through this same link, and I do not recall seeing any indication that the documents related to services other than working with Cordoba or being told by the employee I spoke to that some of the agreements related to other companies.

11.     I remained on the phone with the Cordoba employee for the entire time that I was signing these agreements. I felt rushed to complete the signing process because the Cordoba employee was waiting for me to complete the signing process and telling me Cordoba could not help me unless I signed all of the documents. That sense of urgency is part of why I recall this experience.

12.     At some point, I recall telling the employee that I needed more time to review the agreements. The Cordoba employee denied my request and told me that I needed to continue signing the agreements quickly if I wanted to settle my debts. Given my financial and personal circumstances, I felt I had no choice but to sign the agreements as directed by the Cordoba employee. I remember the Cordoba employee telling me, "we are lawyers," and "we will take care of you," and I would be "taken care of" by signing the agreements, as reasons not to concern myself with what the agreements actually said.

13.     It was my understanding that by signing these agreements, I was only agreeing to the terms of my debt relief payment plan, which would be administered by Cordoba.

14.     I was not aware of Set Forth's arbitration provision at the time the Forth Account Agreement was signed or that I had an opportunity to opt out of this arbitration provision. I do not recall being provided with a copy of the Forth Account Agreement following this phone call, and I do not recall any reference to the Forth Account Agreement, the arbitration provision, or my opportunity to opt out of the arbitration provision at any time during the phone call.

15.     Had I understood that I was agreeing to arbitrate disputes or waiving my right to bring claims in court, I would not have agreed to sign the documents without first obtaining additional time to review them and, if necessary, seeking legal advice.

### Opt Out Provision

16.     My counsel has indicated to me that paragraph 16 of the Additional Terms of Service to the Forth Account Agreement contains an option to opt out of arbitration.

17.     I was not aware of the arbitration provision and did not have the opportunity to review the arbitration provisions in the agreements discussed above, and therefore was not aware that I had the ability to opt out until after becoming involved in this litigation, after the opt out period had expired. Had I known of my ability to opt out of Set Forth's arbitration provision earlier, I likely would have done so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___3-10-2026___.

By: _____

Joel Bellefeuille, Jr.